**Matthew Sutton, OSB# 924797**
Attorney at Law
msutton@integra.net
205 Crater Lake Avenue
Medford, OR 97504
Phone: (541) 772-8050

**Bret Knewtson, OSB# 033553**
Attorney at law
bknewtson@yahoo.com
3000 NE Stucki Ave STE 230
Hillsboro OR 97124
Phone:  (503) 846-1160

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| CHRISTOPHER WATSON, | Case No.  1:21-cv-01662 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| HORNECKER COWLING LLP, an Oregon Limited Liability Partnership, | FAIR DEBT COLLECTION PRACTICES ACT |
| Defendant. | 15 U.S.C. § 1692k |
| | Demand for Jury Trial |

Plaintiff alleges as follows:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the

   FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of

**COMPLAINT** – Page 1 of 14

abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has federal question jurisdiction of the FDCPA claim pursuant to 28 U.S.C. § 1331.  The Court has pendent jurisdiction over the Oregon Unlawful Debt Collection Practices Act ("OUDCPA") claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where Mr. Watson resides and majority of acts and omissions occurred here.

## PARTIES

5. At all material times, Christopher Watson ("Watson" or "Plaintiff") was a natural person and resident of the State of Oregon, County of Josephine

6. The vehicle was intended to be used by Watson's family for commuting to work, running personal errands such as shopping or picking up/dropping off family members at various locations, traveling to recreational destinations, and other similar personal, family, or household purposes. The resulting debt was a "consumer debt," as that term is defined at 15 U.S.C. § 1692a(5), and a "debt", as that term is defined in ORS 646.639(1)(f).

7. Watson is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and ORS 646.639(1)(b);

8.  Defendant Hornecker Cowling, LLP ("Hornecker Cowling") is an Oregon Limited Liability Partnership doing business as a law firm with its principal place of business in Medford, Jackson County, Oregon. At all times material herein, Hornecker Cowling acted within the ordinary scope of its business by and through one or more of its agents or partners within the course and scope of their agency.

9. Plaintiff alleges on information and belief that in the three years prior to the filing of this action Hornecker Cowling filed multiple actions each month to collect debts owed by individuals. Plaintiff further alleges on information and belief that Hornecker Cowling has sought to collect 100's of other consumer debts through collection attempts that did not involve their filing of a collection lawsuits. Upon information and belief, Hornecker Cowling has multiple

attorneys and staff whose duties include collecting debts through bankruptcy proceedings or other collection work.

10. Plaintiff alleges on information and belief that Hornecker Cowling uses the U.S. Postal Service to collect debts by sending collection letters to individuals via the United States Post Office.

11. Plaintiff alleges on information and belief that Hornecker Cowling makes interstate and intrastate phone or VOIP calls in connection with the collection of debts owed by individuals. Hornecker Cowling identifies itself as a debt collector in communications sent to individuals in connection with the collection of debts.

12. Plaintiff alleges on information and belief that Hornecker Cowling regularly collects debts owed to individuals.

13. Plaintiff further alleges on information and belief that Hornecker Cowling, earns at least 10% of its annual gross revenue from its debt collection work.

14. Hornecker Cowling has clients from whom it has accepted debt collection work or undertaken debt collection efforts on their behalf every month for the last three years preceding the filing of this action.

15. Upon information and belief, Plaintiff alleges, Hornecker Cowling solicits debt collection work from entities that on a monthly or semi-monthly basis have multiple debts that can be placed for collection with Hornecker Cowling

16. At all times material herein, the majority of the debt that Hornecker and Cowling collected or attempted to collect were obligations or alleged obligations of consumers to pay money arising out of a transaction in which the money,

property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

17. Hornecker Cowling is a "debt collector," as that term is defined at 15 U.S.C. § 1692a(6) and ORS 646.639(1)(h);

18. Ewe Schroeder is an individual and creditor engaged in the business of selling vehicles on credit to consumers in Josephine County and Jackson County, Oregon, under the assumed business name of "Schroeder Wholesale." The term "Schroeder's" is used herein to refer to Mr. Schroeder and his business. Schroeder is a "creditor" as defined by and ORS 646.639(1)(e).

## BACKGROUND

19. On or about October 31, 2014, Mr. Watson purchased a 1991 Toyota 4-runner from Schroeder pursuant to a retail installment contract ("the Contract"), a copy of which is attached hereto as Exhibit "1" and incorporated herein. The Contract consisted of a "Purchase Order" and a "Bill of Sale." The Contract set the total price at $4,692.88. After a down payment of $1,000, it financed the remaining balance of $3,692.88 over a two-year period and required 24 monthly payments of $153.87 to pay off the vehicle. This included a set finance charge of $940.88 that would be paid off within 2-years as part of Mr. Watson's monthly payments.

20. Although Schroeder had Watson sign a separate paper referring to late charges, the Contract itself did not provide for late charges or any additional interest beyond what was built into the finance charge. It made clear that there were no other terms such as late charges by including the following language: "The above constitutes every agreement to be recognized In this transaction" and "Purchaser agrees that this order Includes all of the terms and conditions

hereof, that this order cancels and supersedes any prior agreement written or oral."

21. The vehicle had been purchased based upon assurances that the engine had recently been rebuilt. However, after driving the vehicle approximately 180 miles, the vehicle had engine problems and was returned. Schroeder expressed remorse and told Watson to take the vehicle to Schroeder's mechanic who had rebuilt the engine to have the engine problems resolved to make the situation right. Mr. Watson complied and continued to make payments on the vehicle until Schroeder told him to hold off on the payments because the matter was taking so long. After the vehicle had sat at the mechanic's shop for approximately 2 years, the mechanic told him that he would not be working on the vehicle further and provided Watson with a different engine that he could use as a replacement engine to install himself. On or about November 1, 2016, Watson and his son retrieved the vehicle by bringing it home on a car trailer since it was inoperable. Upon inspection, Watson concluded that no work had been done on it as had been promised.

22. Watson discussed the situation with Schroeder who told him that they felt there was still something owed on the vehicle but would try to work something out on the account balance. On several occasions, Watson requested the amount if any that was needed to resolve the account but his requests were ignored.

23. Then in November of 2020, Mr. Watson received a collection letter ("the Collection Letter") from Hornecker Cowling stating that it was a debt collector seeking to collect $5,387.80 plus interest and threatened to file a lawsuit against him if that amount wasn't paid.  A copy of the Collection Letter dated November 17, 2020, is attached hereto as Exhibit "2" and incorporated herein.

**COMPLAINT** – Page 6 of 14

Through this letter, Hornecker Cowling sought to collect amounts that were not owed by Watson, were prohibited by the retail installment contract laws of the State of Oregon, ORS 83.010 *et. seq.*, ("Retail Installment Laws") and additional amounts that were barred by the statute of limitations, including but not necessarily limited to the following:

a.  At least 6 Monthly payments of $153.87 due prior to March 30, 2016, that were barred by the applicable 4-year statute of limitations. *Kaiser v. Cascade Capital LLC*, 989 F.3d 1127, 1132 (2021);

b.  34 late fees in the amount of $25 totaling $850 in late fees added to the debt, even though the Contract did not provide for late fees and ORS 83.590 limits a contract late fee to 5% of the delinquent installment.  These late fees and other amounts discussed herein are set forth on Schroeder's itemized statement attached hereto as Exhibit "3"; The contract required 24 payments of $153.87. Watson made at least six timely payments. Ex. 3. Had there actually been a right to impose a late fee of $25 the most the total late fee charges would add up to was $450. It would appear from the ledger that the late fee total of $850 was added in twice to the total claimed due in the Collection Letter. Ex. 3 at 2 (Late Fees Applied: $850, Total Adjustments Applied $850).

c.  $813.70 in interest added to the debt, including on the illegal late fees, even though interest was not provided for by the Contract or allowed by ORS 82.010(1) or ORS 83.090.;

d.  Additional usurious interest accruing at the rate of 30% per annum not provided for by the Contract or allowed by Oregon law or ORS 82.010(1), and ORS 83.090; That rate of interest also accrued on balances not allowed by law or the contract, such as the late fees and the service charge portion of each payment.

e.  Attorney fees pursuant to ORS 20.082 where no such attorney fees were allowed by ORS 20.082 or the Retail Installment Laws under the circumstances;

f.  A finance charge of $940.88, or $39.20 per installment, that Schroeder is not entitled to pursuant to the Retail Installment Laws or, in the alternative, not allowed by ORS 81.010(3)(b) and (4). Excluding the installments barred by the statute of limitations, this amounts to an additional $705.60 sought to be collected from Mr. Watson that was not owed

24. Mr. Watson had purchased the vehicle pursuant to a retail installment contract ("the Contract"), a copy of which is attached hereto as Exhibit "2" and incorporated herein. The Contract set the total price at $4,692.88. After a down payment of $1,000, it financed the remaining balance of $3,692.88 over a two-year period and required 24 monthly payments of $153.87 to pay off the vehicle.  This included a finance charge of $940.88 that would be paid off over time as part of Mr. Watson's monthly payments. The Contract did not  provide for late charges or any additional interest beyond what was built into the finance charge.

25. Schroeder's statement or ledger also shows that it improperly applied the down payment of $1,000 and the initial payments to the interest portion of the sale price. Ex. 3.

26. Surprised and upset to receive the Collection Letter, Watson called Mr. Schroeder to discuss the situation with him personally. Mr. Schroeder told him that he was vacationing in Mexico and would call him once he got back. However, Watson did not hear from Mr. Schroeder again. Instead, on July 7, 2021, Hornecker Cowling filed a lawsuit on behalf of Schroeder in Josephine County Case No. 21CV27462 (the "Collection Action"). The complaint was served on Mr. Watson on July 21, 2021. A copy of the complaint from the Collection Action ("the Collection Complaint") is attached hereto as Exhibit "4".

27. The Collection Complaint falsely alleged the obligation to pay the debt included a right to accrue interest at the rate of 30% per annum on the pre-judgment and post-judgment balance. However, the Contract only provided for a set finance charge and did not provide for accruing interest. Plaintiff also alleges upon information and belief that Schroeder does not qualify for any of the exceptions that would permit him to charge interest in excess of the 12% limit for any non-commercial loan of $50,000 or less.

28. Nor was Schroder entitled to accrue pre-judgment interest from July 5, 2019, on the balance of $5,387.80 as alleged in the Collection Complaint. While it is unclear how that balance was calculated it had to include interest that accrued prior to July 5, 2019. Schroder did not have a contract right to compound interest.

29. Nor was Schroder entitled to accrue pre-judgment interest from July 5, 2019, on the balance of $5,387.80 as alleged in the Collection Complaint as that

balance contained payments in default for more than four years. Mr. Schroder did not have the legal right to commence the Collection Action to collect those payments as provided by ORS 72.7250. Hornecker Cowling deceptively did not allege the date the payments were due or whether any of the remaining payments had been accelerated.

30. Watson retained legal counsel to defend him in the Collection Action. On September 9, 2021, Hornecker Cowling threatened to take a default judgment against Schroeder for all amounts claimed in the Collection Action despite the inclusion of unlawful amounts. This forced Watson to incur additional expense, including a $170 filing fee.

31. On or about October 29, 2021, Schroeder was notified in writing through Hornecker Cowling of its noncompliance with the Retail Installment Laws as discussed herein. More than ten (10) days have since passed since that notification and no action has been taken to correct the violations. Accordingly, Schroeder has willfully continued to violate the Retail Installment Laws and has forfeited the right to collect any finance charge, delinquency or collection charge pursuant to ORS 83.990.

32. In connection with the same notification, Watson attempted to resolve the Collection Action by making an offer of judgment on or about October 29, 2021. This included an explanation of overcharges discussed herein. However, in the counterproposal attached hereto as Exhibit "5",Hornecker Cowling rejected those explanations and rejected the offer by adding a proposal that Watson waive his own claims set forth herein without any compensation.

33. Counsel for Watson attempted to confer with Hornecker Cowling on the facts and authority that supported the collection claim. Hornecker Cowling did not

respond. Although provided with an opportunity to identify the legal basis for the Collection Action and to explain any error in Watson's legal position, Hornecker Cowling elected to maintain its position and proceed with the Collection Action while attempting to use it to obtain a release of any claim Watson had against Schroeder arising out of the attempt to collect the debt.

### FIRST CLAIM FOR RELIEF

**FDCPA ; 15 U.S.C. §1692**

34. Re-alleges paragraphs 1 through 33.

35. Excluding any potential deductions due to the engine problems with the vehicle that was sold, the amount owed on the Contract by Mr. Watson would be no more than $705.60. Accordingly, Hornecker Cowling has violated the FDCPA in one or more of the following particulars:

   a. By engaging in conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 USC §1692d;

   b. By engaging in unfair or unconscionable means to collect a debt, including but not limited to the collection of amounts not expressly authorized by the Contract or permitted by law in violation of 15 USC 1692f, 1692(1); and/or

   c. By using false representation or deceptive means to collect a debt, including but not limited to falsely representing the character, amount, or legal status of any debt and/or by threatening to take action that cannot legally be taken in violation of in violation of 15 USC §1692e, §1692e(2), §1692e(5), and §1692e(10) .

36. As a direct result of Defendant's actions, Mr. Watson has incurred noneconomic injury, including but not necessarily limited to the resulting stress, anxiety, and frustration.

37. Mr. Watson is entitled to recover his economic and noneconomic damages pursuant to 15 USC §1692k(a)(1).

38. Mr. Watson is further entitled to statutory damages in an amount not exceeding $1,000 pursuant to 15 USC §1692k(a)(2)(A).

39. Mr. Watson is further entitled to his reasonable attorney fees pursuant to 15 USC §1692k(a)(3).

**SECOND CLAIM FOR RELIEF**

**(OUDCPA Violations)**

40. Re-alleges paragraphs 1 through 33 and 36.

41. Hornecker Cowling violated the OUDCPA in one or more of the following particulars:

   a. Through the Collection Letter, representing that an existing debt may be increased by the addition of attorney fees, or any other fees or charges if the fees or charges may not legally be added to the existing debt, in violation of in violation of ORS 646.639(2)(m);

   b. Through the Collection Letter, attempting to collect interest or other charges or fees that exceed the actual debt unless the agreement, contract or instrument that creates the debt expressly authorizes, or a law expressly allows, the interest or other charges or fees, in violation of ORS 646.639(2)(n); and/or

   c. With the Collection Action, filing a legal action to collect or to attempt to collect a debt when the debt collector knows, or after

exercising reasonable diligence would know, that an applicable statute of limitations bars the collection or the collection attempt, in violation of ORS 646.639(2)(r);  through 25 and 28.

42.  At all times material herein, Hornecker Cowling's actions were willful in that they knew or reasonably should have known that the actions were violations of the OUDCPA.

43. Watson is entitled to recover his actual damages, or statutory damages in the amount of $200 per violation, whichever is greater.

44. Hornecker Cowling's actions have been in reckless disregard of their societal obligations and the rights of Watson. Therefore, an award of punitive damages is appropriate under ORS 646.641(1) in the amount of $100,000 to deter further harm.

45. Watson is further entitled to recover his reasonable attorney fees pursuant to ORS 646.641(2).

-**WHEREFORE**, Mr. Watson prays for judgment against Hornecker Cowling as follows:

A. On his First Claim for Relief under the FDCPA:

    1.  Declaring that Defendant's conduct violated the FDCPA;

    2. Actual damages pursuant to 15 U.S.C. §1692k;

    3.  Statutory damages pursuant to 15 U.S.C. §1692k;

    4.  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

B.  On his Second Claim for Relief under the OUDCPA, the following relief pursuant to ORS 646.641:

    1.  Declaring that Defendant's conduct violated the OUDCPA;

**COMPLAINT** – Page 13 of 14

2.  Actual damages, including but not limited to his noneconomic damages, or

$200 per violation, whichever is greater;

3.  Punitive damages in the amount of $100,000;

4.  Costs, disbursements and reasonable attorney fees;

C. Post-judgment interest at the maximum rate allowable.

D.  For such other and further relief as may be just and proper.


Dated:  November 16, 2021

                        Respectfully Submitted,

                        /s/ Matthew Sutton
                        Matthew Sutton, Esq. OSB 924797
                         205 Crater Lake Avenue
                        Medford, OR 97504
                        Direct: (541) 772-8050
                        msutton@integra.net

                        Bret Knewtson, OSB# 033553
                        Attorney at law
                        bknewtson@yahoo.com
                        3000 NE Stucki Ave STE 230-M
                        Hillsboro OR 97124
                        Phone:  (503) 846-1160

                        Attorneys for Mr. Watson (Plaintiff)

MOTOR VEHICLE PURCHASE ORDER

Exhibit 1  1 of 2

# SCHROEDER WHOLESALE

DATE _____ 10-31-14 _____     SALESMAN _____ Bobby

899 ROGUE RIVER HIGHWAY • GRANTS PASS, OR 97527 • 541-471-2121

PURCHASER Chris P Watson     PHONE 541-___

ADDRESS _____ CITY - STATE Grants Pass Or     ZIP 97527-5592

| YEAR | MAKE AND DESCRIPTION | | COLOR | LICENCE NO. | ID NO. |
|------|---------------------|--|-------|-------------|--------|
| 1991 | Toyota 4-Runner | | Black | 380-HBN | |

| | | |
|---|---|---|
| Unless said merchandise is sold to me, for cash, this sale is subject to the terms an conditions of a conditional sales contract or chattel-mortgage to be executed by me, and in no event does title said merchandise pass to me until all amount to be paid by me for said merchandise are fully paid in cash. Any deposit shown above constitutes an option to purchase the vehicle specified herein. The above constitutes every agreement to be recognized in this transaction. | CASH DELIVERED PRICE | 3600 |
| | ADMINISTRATION FEE | 75 |
| | MILES Exempt | |
| | 8-16 | |
| | BUYER ASSUMES RESPONSIBILITY FOR ALL COSTS OF REPAIRS MADE AFTER THE SALE UNLESS AGREED TO IN WRITING. REPAIRS WILL BE PAID AT TIME VEHICLE IS PICKED UP | |
| This order is not valid unless signed and accepted by dealer (and approved by a responsible finance company as to any deferred balance.) | THE DEALER ASSUMES NO RESPONSIBILITY FOR ANY REPAIRS REGARDLESS OF ANY ORAL STATEMENTS. | |
| | TOTAL | 3675 |

| Trade-In Make | | | |
|---------------|--|--|--|
| Year | Trade-In Allowance | $ | SUB TOTAL |
| Body | Less Amount Owing | $ | License Fee | 77 |
| Model | Net Allowance | $ | |
| Trans.-Auto ☐ O.D. ☐ Std. ☐ | Deposit with order | $ 1000 | Tax |
| Color | Cash On Delivery | $ | TOTAL | 3752 |
| Mileage | | | |
| Title | TOTAL DOWN PAYMENT | $ 1000 | 1000 |
| Serial No. | | | |
| License No. | | | BALANCE DUE | 2752 |
| I CERTIFY THAT THE USED VEHICLE I AM TRADING IN IS MY PROPERTY, AND IS FREE FROM ANY TITLE BRANDS AND ENCUMBRANCES WHATSOEVER, EXCEPT DUE LIEN OF $_____ IN FAVOR OF_____ | Insurance Premium F.T. & C. $ | Deductible Collision PREMIUM | |
| | AGENT | L.A. & H. | |
| | LIABILITY INS. YES ☐ NO ☐ | Balance to be Financed | |
| HIGH OR LOW PAYOFF SUBJECT TO IMMEDIATE CASH ADJUSTMENT | Annual Percentage Rate | Finance Charges | |
| | DISC. RATE | Contact BALANCE | |

TIME SALE PRICE BALANCE to be paid in 24 monthly payments of $ 153 87 each, payable on the
same day of each month beginning _____ and additional payments as follows:

THIS IS A RETAIL DEAL _____

_____     _____
Authorized Signature     Purchaser's Signature

PLTFF 0003

# Schroeder Wholesale

899 ROUGUE RIVER HWY, GRANTS PASS, OR 97527
| Email: uwe@smartwire.net

# Bill of Sale

Sale Date: 10/31/2014

| Buyer | | Co-Buyer | |
|---|---|---|---|
| Name: | Chris Watson | Name: | |
| Address: | | Address: | |
| | GRANTS PASS, OR 97526 | | |
| Phone: | | Phone: | |
| Email: | | | |
| Drl. #: | | Drl. #: | |
| DOB: | | DOB: | |
| SSN: | | SSN: | |

**Sold Vehicle:**

| Stock# | Year | Make | Model | Color | Mileage | VIN | Series |
|---|---|---|---|---|---|---|---|
| 14088R | 1991 | Toyota | 4Runner | | exempt | | SR5 V6 |

**Trade-In Vehicle:**

| Stock# | Year | Make | Model | Color | Mileage | VIN | Series |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| A.P.R. | Amount Financed | Finance Charge | Total of Payments |
|---|---|---|---|
| 30.00% | $2752.00 | $940.88 | $3692.88 |

The balance to be paid in 23 Monthly payments of $153.87
and one final payment of $153.87
The first payment is due on 11/30/2014
Lien Holder: Schroeder Wholesale
po Box 1348
GRANTS PASS OR 97528

| Trade Amount: | $0.00 | Total Deferred: $0.00 | |
|---|---|---|---|
| Payoff Balance: | $0.00 | Cash Down: | $1000.00 |
| MFR's Rebate: | $0.00 | Total Down: | $1000.00 |

| | | | |
|---|---|---|---|
| Cash Price: | $3600.00 | Other: | |
| Accessories: | | To Whom: | |
| Doc Prep: | $75.00 | EVR Processing: | |
| Title Fee: | $77.00 | Service Contract: | $0.00 |
| State Code: | 1 | Gap Contract: | $0.00 |
| Tax Rate: | 0.000 | Gap Paid To: | |
| Reg Fee: | | Total Down: | $1000.00 |
| VIN Fee: | | Total: | $4692.88 |
| Late Title Fee: | | | |
| Replacement Fee: | | | |
| Plate Transfer: | | | |
| Sales Tax: | $0.00 | | |
| DEQ Cert Fee: | | | |
| To Whom: | | | |

Purchaser agrees that this order includes all of the terms and conditions hereof, that this order cancels and supersedes any prior agreement written or oral. Purchaser agrees to pay the total of the payments in accordance with the above payment schedule. This order shall not become binding until accepted by the DEALER or his authorized representative. I have read the face of this order and agree to this purchase price. I hereby certify that I am 18 years of age or older.

Purchaser(s)    Signature    Date    Accepted By

Purchaser(s)    Signature    Date    Accepted By

Seltpr D. Chieka    10-31-14
Seller    Date    Signature

NOTICE : DEALER PROVIDES NO INSURANCE
☐ Buyer agrees to furnish full coverage insurance
☐ I relinquish all rights to this vehicle and it can be repossessed at any time or place, with or without my knowledge if this account becomes delinquent.
☑ SOLD AS IS
I MAKE THIS PURCHASE KNOWINGLY WITHOUT ANY GUARANTEE EXPRESSED OR IMPLIED, BY THIS DEALER OR HIS AGENT.
I AGREE TO NOTIFY LIENHOLDER, IF CHANGE OF ADDRESS OCCURS AND/OR CHANGE OF EMPLOYMENT OCCURS.
FINANCING IS SUBJECT TO CREDIT APPROVAL.

# HORNECKER COWLING LLP

### Attorneys at Law

John Blackhurst
Joseph E. Kellerman, LL.M.
James A. Wallan
Charles E. Bolen
Ryan J. Vanderhoof
Stefanie L. Burke*
Mark S. Bartholomew
Michael J. Mayerle
Shane J. Antholz, LL.M.
Melisa A. Button*
Charles D. Sarkiss

*Also admitted in California

14 North Central Ave., Ste. 104
Medford, OR 97501
(541) 779-8900
Fax: (541) 779-2982
www.roguelaw.com

November 17, 2020

OF COUNSEL

Patrick G. Huycke

RETIRED

Robert L. Cowling
R. Ray Heysell

John Hassen 1939-2020
Gregory T. Hornecker 1933-2009
B. Kent Blackhurst 1922-2007
Ervin B. Hogan 1927-2000

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
## THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY
## INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Via Certified Return Receipt Requested and Regular Mail

Chris Watson

Grants Pass, OR 97526

Chris Watson

Grants Pass, OR 97527

RE:    Liability Owing to Schroeder Wholesale

Dear Mr. Watson:

Our firm represents Uwe Schroeder who is the owner of Schroeder Wholesale in connection with your unpaid liability owing for your purchase of a 1991 Toyota 4-Runner back in 2014. As best we can discern, the last payment you made was back on August 19, 2015. No payments have been received since then. Based upon a ledger our client provided us, it appears that as of July 5, 2019, you owe the sum of $5,387.80 and interest continues to accrue. Demand is herewith placed upon you to remit that sum to our client within the next 30 days. Should you fail or refuse, we have been directed to and will likely initiate litigation to recover that sum, but also to foreclose our client's security interest in the vehicle which we understand you have been hiding that vehicle from repossession agents. Our client may also be entitled to recover attorney fees pursuant to the provisions of ORS 20.082 or otherwise should you fail to pay this liability within the 30-day demand time set forth above.

Should you have counsel representing your interests, please have that individual contact us. I called and left you a message, but you have not returned that call.

## HORNECKER COWLING LLP

Chris Watson
November 17, 2020
Page 2


      Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it.  If you do not dispute it within that period, we will assume that it is valid.  If you do dispute it (by notifying us in writing to that effect) we will, as required by the law, obtain and mail to you proof of the debt.  And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

      The law does not require us to wait until the end of the thirty-day period before suing you to collect this debt.  If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires us to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.  Thank you.

                  Truly yours,

                  HORNECKER COWLING LLP

                  Joseph E. Kellerman
                  jek@roguelaw.com

JEK:sgr
cc:  Client
H:\USER\FILES\30017-001\Watson.L01.dot


**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# STATEMENT

Schroeder Wholesale
348 N Riverside Ave
MEDFORD, OR 97501

Stock #: 14088R
VIN: ████████
Vehicle: 1991 Toyota 4Runner
Color:
Sale Date: 10/31/2014

watson Chris P



Date Compiled: 7/5/19

| No. | Date | SchPayDt | Amount | Intrst | Pcpl | Category | Type | Ref# | RcvdBy | Late | Rcpt# |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 11/7/2014 | | 500.00 | 0.00 | 0.00 | DOWN PAY | Cash | | MASTER | | 15919 |
| 2 | 12/6/2014 | | 500.00 | 0.00 | 0.00 | DOWN PAY | Cash | | MASTER | | 15961 |
| 3 | 1/9/2015 | 1/19/2015 | 160.00 | 158.33 | 1.67 | PAYMENT | | | MASTER | -10 | 16076 |
| 4 | 2/11/2015 | 1/19/2015 | 150.00 | 74.60 | 75.40 | PAYMENT | Cash | | MASTER | 23 | 16197 |
| 5 | 3/7/2015 | 2/19/2015 | 150.00 | 52.77 | 97.23 | PAYMENT | Cash | | MASTER | 16 | 16285 |
| 6 | 4/14/2015 | 3/19/2015 | 150.00 | 80.51 | 69.49 | PAYMENT | Cash | | MASTER | 26 | 16414 |
| 7 | 5/12/2015 | 4/19/2015 | 150.00 | 57.72 | 92.28 | PAYMENT | Cash | | MASTER | 23 | 16507 |
| 8 | 6/10/2015 | 5/19/2015 | 150.00 | 57.59 | 92.41 | PAYMENT | Cash | | MASTER | 22 | 16586 |
| 9 | 6/10/2015 | 5/19/2015 | 10.00 | 0.00 | 10.00 | PAYMENT | Cash | | MASTER | 22 | 16587 |
| 10 | 6/11/2015 | | 25.00 | | | Late Fee | | | MASTER | | |
| 11 | 7/11/2015 | 6/19/2015 | 156.28 | 58.95 | 97.33 | PAYMENT | Cash | | MASTER | 22 | 16679 |
| 12 | 7/13/2015 | | 25.00 | | | Late Fee | | | MASTER | | |
| 13 | 8/12/2015 | | 25.00 | | | Late Fee | | | MASTER | | |
| 14 | 9/11/2015 | | 25.00 | | | Late Fee | | | MASTER | | |
| 15 | 10/12/2015 | | 25.00 | | | Late Fee | | | MASTER | | |
| 16 | 11/11/2015 | | 25.00 | | | Late Fee | | | MASTER | | |
| 17 | 12/8/2015 | 8/19/2015 | 300.00 | 273.23 | 26.77 | PAYMENT | Cash | | MASTER | 111 | 17017 |
| 18 | 12/11/2015 | | 25.00 | | | Late Fee | | | MASTER | | |
| 19 | 1/11/2016 | | 25.00 | | | Late Fee | | | MASTER | | |
| 20 | 2/10/2016 | | 25.00 | | | Late Fee | | | MASTER | | |
| 21 | 3/12/2016 | | 25.00 | | | Late Fee | | | MASTER | | |
| 22 | 4/12/2016 | | 25.00 | | | Late Fee | | | MASTER | | |
| 23 | 5/13/2016 | | 25.00 | | | Late Fee | | | MASTER | | |
| 24 | 6/17/2016 | | 25.00 | | | Late Fee | | | MASTER | | |
| 25 | 7/17/2016 | | 25.00 | | | Late Fee | | | MASTER | | |
| 26 | 8/25/2016 | | 25.00 | | | Late Fee | | | MASTER | | |
| 27 | 9/29/2016 | | 25.00 | | | Late Fee | | | MASTER | | |
| 28 | 11/4/2016 | | 25.00 | | | Late Fee | | | MASTER | | |
| 29 | 12/8/2016 | | 25.00 | | | Late Fee | | | MASTER | | |
| 30 | 3/29/2017 | | 25.00 | | | Late Fee | | | MASTER | | |
| 31 | 5/12/2017 | | 25.00 | | | Late Fee | | | MASTER | | |
| 32 | 6/11/2017 | | 25.00 | | | Late Fee | | | MASTER | | |
| 33 | 7/25/2017 | | 25.00 | | | Late Fee | | | MASTER | | |
| 34 | 9/18/2017 | | 25.00 | | | Late Fee | | | MASTER | | |
| 35 | 10/29/2017 | | 25.00 | | | Late Fee | | | MASTER | | |
| 36 | 1/12/2018 | | 25.00 | | | Late Fee | | | MASTER | | |
| 37 | 2/19/2018 | | 25.00 | | | Late Fee | | | MASTER | | |
| 38 | 4/4/2018 | | 25.00 | | | Late Fee | | | MASTER | | |
| 39 | 5/10/2018 | | 25.00 | | | Late Fee | | | MASTER | | |
| 40 | 8/1/2018 | | 25.00 | | | Late Fee | | | MASTER | | |
| 41 | 11/9/2018 | | 25.00 | | | Late Fee | | | MASTER | | |
| 42 | 12/11/2018 | | 25.00 | | | Late Fee | | | MASTER | | |

| No. | Date | SchPayDt | Amount | Intrst | Pcpl | Category Type | Ref# | RcvdBy Late Rcpt# |
|-----|------|----------|--------|--------|------|---------------|------|-------------------|
| 43 | 1/11/2019 | | 25.00 | | | Late Fee | | MASTER |
| 44 | 5/1/2019 | | 25.00 | | | Late Fee | | MASTER |
| 45 | 7/5/2019 | | 25.00 | | | Late Fee | | MASTER |

```
            Total Received: $    2,376.28
                 Interest: $      813.70
                Principal: $      562.58
        Late Fees Applied: $      850.00
  Total Adjustments Applied: $      850.00

          Pay-Off Balance: $    5,387.80
          Account Balance: $    3,224.44
             Payment Due: $    5,387.80
        Next payment due date:    8/19/2015
```

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF JOSEPHINE

| | |
|---|---|
| UWE SCHROEDER DBA SCHROEDER WHOLESALE, <br><br>           Plaintiff, <br><br> vs. <br><br> CHRISTOPHER PAUL WATSON, <br><br>           Defendant. | Case No. <br><br> **COMPLAINT** <br> (REPLEVIN/CLAIM AND DELIVERY; BREACH OF CONTRACT) <br><br> Claim for $5,387.80 <br> Fee:  $170; Authority:  ORS 21.160(1)(a) <br><br> Subject to Mandatory Arbitration |

      Plaintiff, Uwe Schroeder dba Schroeder Wholesale (hereinafter "Schroeder Wholesale"), alleges as follows:

1.

      Plaintiff does business in Josephine County, Oregon.

2.

      Defendant is a resident of Josephine County, Oregon.

<u>FIRST CAUSE OF ACTION</u>

(Replevin/Claim and Delivery)

3.

      Plaintiff realleges all previous paragraphs.

4.

      On or around October 31, 2014, Defendant made, executed, and delivered to Schroeder Wholesale a Motor Vehicle Purchase Order and Bill of Sale (hereinafter collectively "Purchase Order") for the purchase of a 1991 Toyota 4-Runner, VIN No. JT3VN39W7M8011699.  Pursuant to the terms of the Purchase Order, Defendant granted a security interest in the above-stated vehicle.  A copy of the Purchase Order is attached hereto and incorporated herein as Exhibit 1.

///

///

**HORNECKER COWLING LLP**
14 N. Central Ave., Ste. 104
Medford, OR  97501
541-779-8900

5.

Plaintiff is the sole owner and holder of all rights under such contract.  Also, attached hereto and incorporated herein as Exhibit 2 is a copy of the vehicle title and registration evidencing Schroeder Wholesale as the sole security interest holder in the vehicle.

6.

Plaintiff has performed all conditions, covenants, and promises required of it under the Purchase Order.

7.

Pursuant to the Purchase Order, Defendant was required to make monthly payments under the contract.  Defendant has breached the Purchase Order by failing to make payments under the contract.  As of July 5, 2019, the sum owing is $5,387.80, plus interest, costs, and attorney fees pursuant to the provisions of ORS 20.080 and/or 20.082.  More than 30 days before the filing of this action, plaintiff made demand for such sums and Defendant has failed and refused to pay.

8.

Plaintiff has attempted to repossess said vehicle and believe Defendant is hiding said vehicle from repossession agents.  Plaintiff estimates the collateral to be worth approximately $1,000.

9.

Plaintiff is entitled to immediate possession of the 1991 Toyota 4-Runner.  Defendant is wrongfully withholding possession thereof from Plaintiff.

SECOND CAUSE OF ACTION

(Breach of Contract)

10.

Plaintiff realleges all previous paragraphs.

///

///

HORNECKER COWLING LLP
14 N. Central Ave., Ste. 104
Medford, OR  97501
541-779-8900

11.

Pursuant to the terms of the Purchase Order, Defendant is indebted to Plaintiff in the amount of $5,387.80, plus pre- and post-judgment interest at the rate of 30.00% per annum. Plaintiff is also entitled to an award of its costs and attorney fees incurred herein.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    On Plaintiff's First Cause of Action, possession of the 1991 Toyota 4-Runner, VIN No. JT3VN39W7M8011699; Plaintiff's reasonable expenses in retaking, holding, preparing for sale; and Plaintiff's reasonable attorney fees, costs, and disbursements incurred herein and upon any appeal herefrom.

2.    On Plaintiff's Second Cause of Action, for judgment against Defendant in the amount of $5,387.80, plus pre- and post-judgment interest at the rate of 30.00% per annum from July 5, 2019, until paid in full and further for award of any costs and attorney fees incurred herein.

3.    Any other relief the Court deems just and equitable.

DATED:  July  2  , 2021.

HORNECKER COWLING LLP

By: _____
JOSEPH E. KELLERMAN, OSB No. 921997
Of Attorneys for Plaintiff
Fax:  541-779-2982 | jek@roguelaw.com

Page 3 - COMPLAINT
H:\USER\FILES\30017-001\v. C. WATSON\Complaint.docx

Ex. 4   4 of 6

MOTOR VEHICLE PURCHASE ORDER

# SCHROEDER WHOLESALE

DATE _10 - 31 - 14_    SALESMAN _Bobby_

899 ROGUE RIVER HIGHWAY • GRANTS PASS, OR 97527 • 541-471-2121

PURCHASER _Chris P Watson_    PHONE _541-_

ADDRESS ▮▮▮▮▮    CITY - STATE _Grants Pass  OR_    ZIP _97527-5592_

| YEAR | MAKE AND DESCRIPTION | COLOR | LICENCE NO. | ID NO. |
|------|---------------------|-------|-------------|--------|
| 1991 | Toyota 4-Runner | Black | 380-HBN 8-16 | ▮▮▮▮ |

Unless said merchandise is sold to me, for cash, this sale is subject to the terms an conditions of a conditional sales contract or chattel-mortgage to be executed by me, and in no event does title said merchandise pass to me until all amount to be paid by me for said merchandise are fully paid in cash. Any deposit shown above constitutes an option to purchase the vehicle specified herein. The above constitutes every agreement to be recognized in this transaction.

This order is not valid unless signed and accepted by dealer (and approved by a responsible finance company as to any deferred balance.)

CASH DELIVERED PRICE ........... 3600

ADMINISTRATION FEE ........... 75

MILES  Exempt

BUYER ASSUMES RESPONSIBILITY FOR ALL COSTS OF REPAIRS MADE AFTER THE SALE UNLESS AGREED TO IN WRITING. REPAIRS WILL BE PAID AT TIME VEHICLE IS PICKED UP THE DEALER ASSUMES NO RESPONSIBILITY FOR ANY REPAIRS REGARDLESS OF ANY ORAL STATEMENTS

TOTAL ........... 3675

| Trade-In Make | | | |
|---|---|---|---|
| Year | Trade-In Allowance $ | SUB TOTAL | |
| Body | Less Amount Owing $ | License Fee | 77 |
| Model | Net Allowance $ | | |
| Trans.-Auto ☐ O.D. ☐ Std. ☐ | Deposit with order $ 1000 | Tax | |
| Color | Cash On Delivery $ | TOTAL | 3752 |
| Mileage | | | |
| Title | TOTAL DOWN PAYMENT $ 1000 | | 1000 |
| Serial No. | | BALANCE DUE | 2752 |
| License No | Insurance Premium F.T. & C. $ | Deductible Collision PREMIUM | |
| I CERTIFY THAT THE USED VEHICLE I AM TRADING IN IS MY PROPERTY. AND IS FREE FROM ANY TITLE BRANDS AND ENCUMBRANCES WHATSOEVER, EXCEPT DUE LIEN OF $ _____ IN FAVOR OF _____ | AGENT | L.A. & H. | |
| | LIABILITY INS. YES ☐ NO☐ | Balance to be Financed | |
| | Annual Percentage Rate | Finance Charges | |
| HIGH OR LOW PAYOFF SUBJECT TO IMMEDIATE CASH ADJUSTMENT | DISC. RATE | Contact BALANCE | |

TIME SALE PRICE BALANCE to be paid in _24_ monthly payments of $ _153 87_ each, payable on the same day of each month beginning _____ and additional payments as follows:

THIS IS A RETAIL DEAL _____

_[signature]_
Authorized Signature

_[signature]_    Exhibit 1, p. 1 of 2

Purchaser's Signature

# Schroeder Wholesale

899 ROUGUE RIVER HWY, GRANTS PASS, OR 97527

| Email: uwe@smartwire.net

## Bill of Sale

Sale Date: 10/31/2014

### Buyer

| | |
|---|---|
| Name: | Chris Watson |
| Address: | |
| Phone: | |
| Email: | |
| Drl. #: | |
| DOB: | |
| SSN: | |

### Co-Buyer

| | |
|---|---|
| Name: | |
| Address: | |
| Phone: | |
| Drl. #: | |
| DOB: | |
| SSN: | |

**Sold Vehicle:**

| Stock# | Year | Make | Model | Color | Mileage | VIN | Series |
|---|---|---|---|---|---|---|---|
| 14088R | 1991 | Toyota | 4Runner | | exempt | JT3VN39W7M8011699 | SR5 V6 |

**Trade-In Vehicle:**

| Stock# | Year | Make | Model | Color | Mileage | VIN | Series |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| A.P.R. | Amount Financed | Finance Charge | Total of Payments |
|---|---|---|---|
| 30.00% | $2752.00 | $940.88 | $3692.88 |

The balance to be paid in 23 Monthly payments of $153.87
and one final payment of $153.87
The first payment is due on 11/30/2014
Lien Holder: Schroeder Wholesale
po Box 1348
GRANTS PASS OR 97528

| | | | |
|---|---|---|---|
| Trade Amount: | $0.00 | Total Deferred: | $0.00 |
| Payoff Balance: | $0.00 | Cash Down: | $1000.00 |
| MFR's Rebate: | $0.00 | Total Down: | $1000.00 |

| | | | |
|---|---|---|---|
| Cash Price: | $3600.00 | Other: | |
| Accessories: | | To Whom: | |
| Doc Prep: | $75.00 | EVR Processing: | |
| Title Fee: | $77.00 | Service Contract: | $0.00 |
| State Code: | 1 | Gap Contract: | $0.00 |
| Tax Rate: | 0.000 | Gap Paid To: | |
| Reg Fee: | | Total Down: | $1000.00 |
| VIN Fee: | | Total: | $4692.88 |
| Late Title Fee: | | | |
| Replacement Fee: | | | |
| Plate Transfer: | | | |
| Sales Tax: | $0.00 | | |
| DEQ Cert Fee: | | | |
| To Whom: | | | |

Purchaser agrees that this order includes all of the terms and conditions hereof, that this order cancels and supersedes any prior agreement written or oral. Purchaser agrees to pay the total of the payments In accordance with the above payment schedule. This order shall not become binding until accepted by the DEALER or his authorized representative. I have read the face of this order and agree to this purchase price. I hereby certify that I am 18 years of age or older.

_____
Purchaser(s)    Signature    Date    Accepted By

_____
Purchaser(s)    Signature    Date    Accepted By

_Stone D. Chula_   10-31-14   _____
Seller             Date     Signature

NOTICE : DEALER PROVIDES NO INSURANCE
☑ Buyer agrees to furnish full coverage Insurance
☑ I relinquish all rights to this vehicle and it can be repossessed at any time or place, with or without my knowledge if this account becomes delinquent.
☑ SOLD AS IS
I MAKE THIS PURCHASE KNOWINGLY WITHOUT ANY GUARANTEE EXPRESSED OR IMPLIED, BY THIS DEALER OR HIS AGENT.
I AGREE TO NOTIFY LIENHOLDER, IF CHANGE OF ADDRESS OCCURS AND/OR CHANGE OF EMPLOYMENT OCCURS.
FINANCING IS SUBJECT TO CREDIT APPROVAL.

Exhibit 1, p. 2 of 2

## OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED.

CONTROL NUMBER **6722980**

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | SURVIVOR | REFERENCE NUMBER |
|---|---|---|---|---|
| 380HBN | 1432451111 | 112014 | N/N | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO. |
|---|---|---|---|---|---|
| 1991 | TOYT | UT | 4RN | | |

OWNER/LESSEE

ODOMETER READING    ODOMETER DATE

ODOMETER MESSAGE

WATSON, CHRISTOPHER PAUL

GPAS

GRANTS PASS OR 97527

### TITLE BRANDS
The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

— NONE —

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, **one registered owner must** sign and date here. If not completing a separate application for title, in addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to: DMV, 1905 Lana Ave NE, Salem OR 97314.

SIGNATURE (DOES NOT RELEASE INTEREST)    DATE

X

**To release interest in the vehicle, complete the reassignment on back of the title.**

SECURITY INTEREST HOLDER/LESSOR

SCHROEDER WHOLESALE DA9286
899 ROGUE RIVER HWY
PO BOX 1348
GRANTS PASS OR 97528

GPAS

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST    DATE

X

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST    DATE

X

### SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.

## VOID WITHOUT CHAIN LINK WATERMARK

735-410 (5-08)    380HBN    C

VOID IF ALTERED OR ERASED

Exhibit 2

1
2
3
4              IN THE CIRCUIT COURT OF THE STATE OF OREGON
5                     FOR THE COUNTY OF JOSEPHINE
6   UWE SCHROEDER DBA SCHROEDER          Case No.  21CV27462
    WHOLESALE,
7                          Plaintiff,
                                         **DEFENDANT'S OFFER TO ALLOW**
8        vs.                             **JUDGMENT**
9   CHRISTOPHER PAUL WATSON.,
10                       Defendant.
11          Pursuant to ORCP 54E, Defendant hereby offers to allow Judgment in favor of Plaintiff
12   as follows:
13       ~~The debt arose out of the obligation to pay established by the contract for the sale of a~~
14   ~~motor vehicle. As provided by ORS 72.7250, Plaintiff was not permitted to commence an~~
15   ~~action to collect any payment in default for the four years prior to the time the action was~~
16   ~~commenced.  All of the unpaid monthly payments set by the contract were in default for more~~
17   ~~than four years prior to the commencement of this action. The $1,231 specified herein consists~~
18   ~~of the payments that would have been time-barred at the time this action was commenced, but~~
19   ~~for enrollment of HB 4212.  Furthermore, Plaintiff was not permitted to charge late fees of $25,~~
20   ~~pursuant to ORS 83.590, or interest of 30%as alleged in the complaint according to ORS~~
21   ~~82.010(3) and/or ORS 83.510 *et seq.*.~~
22
23   1.      On Plaintiff's claim for Replevin/Claim and delivery, granting Plaintiff possession of the
24   vehicle to allow disposition of the same by Plaintiff in accordance with ORS 79.0610 *et seq.*,
25   including reasonable expenses retaking, preparing and holding for sale, and applications of
26   any net sale proceeds to reduce the amount of Defendant's indebtedness as determined by

Page 1 -   **DEFENDANT'S OFFER TO ALLOW JUDGMENT**

1    the Court;

2    2.      On Plaintiff's claim for Breach of Contract; in the amount of $1,231, less any net sale

3    proceeds received by Plaintiff pursuant to the preceding paragraph,

4    3.      Together with Plaintiff's costs and, to the extent provided for by Oregon law, Plaintiff's

5    reasonable attorney fees to be determined pursuant to ORCP 68; and

6    4.      Post judgment interest at 9% per annum on all amounts, until paid.

7    Dated this 29th day of October, 2021.

8    5.      Except as set forth above, the parties release and discharge each other and all

9    other firms, agents, persons, and entities acting on behalf of on in concert with any of

10   the parties, of and from any and all claims of any kind in any way arising out of or

11   related to the vehicle purchase and sale transaction at issue in these proceedings.

12                                      /s/  Matthew Sutton

13                                      _____

14                                      Matthew Sutton, OSB #924797
                                        Attorney for Defendant

15

16       Plaintiff hereby accept Defendant's forgoing Offer to Allow Judgment  as indicated by

17   the endorsement of his undersigned attorney set forth below.

18       Dated this ___ day of _____, 2021.

19

20                              By: _____

21                                  Joe Kellerman, OSB# 921997
                                    Of Attorneys for Plaintiff

22

23

24

25

26

Page 2 -    **DEFENDANT'S OFFER TO ALLOW JUDGMENT**